

**U.S. Department of Justice**

*United States Attorney*
*District of Delaware*

*The Hercules Building*
*1313 N. Market Street, Suite 400*
*P. O. Box 2046*                                          *(302) 573-6277*
*Wilmington, Delaware  19899-2046*          *FAX (302) 573-6220*

October 5, 2018

**VIA EMAIL**

The Honorable Richard G. Andrews
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    <u>Sentencing Hearing *United States v. Gibson et al*, 15-23-RGA</u>

Dear Judge Andrews,

    The parties write jointly relating to the evidentiary hearing scheduled for October 10, 2018. For the reasons set forth below, the parties have resolved all contested issues involving the calculation of the Sentencing Guidelines. Thus, we respectfully request that the Court convert the evidentiary hearing into a status conference, at which time counsel may address with the Court the forthcoming sentencing process and request that the Court schedule individualized sentencing hearings. The parties request that the Defendants be excused from appearing at the status conference. *See* Fed. R. Crim. P. 43(b)(3) (excusing a defendant's presence if the proceeding involves only a conference or hearing on a question of law).

    **I.    The Guideline Ranges Calculated in the Existing PSRs.**

    The Probation Office prepared a Presentence Investigation Report ("PSR") for each Defendant. Given the jury's verdict, the Probation Office computed the Guideline Offense Level consistently for each Defendant. The Probation Office determined that each Defendant had a Total Offense Level of 43, which was based on the following calculations:

Base Offense Level (U.S.S.G. § 2B1.1(a)(1))                                                     7

Loss Involving $150 Million But Less Than $250 Million
(U.S.S.G. § 2B1.1(b)(1)(N))                                                                                +26

| | |
|---|---:|
| Ten or More Victims of the Offense (U.S.S.G. § 2B1.1(b)(2)(A)) | +2 |
| The Offense Substantially Jeopardized the Safety and Soundness of a Financial Institution (U.S.S.G. § 2B1.1(b)(16)(B)) | +4 |
| The Offense Involved a Violation of Securities Laws and the Defendants Were Officers or Directors of a Publicly Traded Company (U.S.S.G. § 2B1.1(b)(19)(A)) | +4 |
| Total Offense Level | 43 |

None of the Defendants have a prior criminal history, thus placing each in a Criminal History Category of I. Based upon a Total Offense Level of 43 and a Criminal History Category of I, the Guideline imprisonment range calculated in each Defendant's PSR is life.

## II. Defendants Object to the Loss Calculation and the Government Agrees to Use Defendants' Compensation as a Gain Proxy for the Loss.

The Probation Office assigned a 26-level enhancement to each Defendant's Guideline range for loss exceeding $150,000,000. U.S.S.G. § 2B1.1(b)(1)(N). The loss enhancement was based on the government's expressed intent to present expert testimony establishing that the loss relating to the securities fraud conviction was approximately $196 million.

Defendants, who were prepared to call a competing expert witness to testify at the evidentiary hearing to demonstrate that the loss could not reasonably be determined, informed the government that they would object to the government's loss calculation. Defendants asserted that because the loss amount reasonably could not be determined in this case, they would request that the Court look to gain as a proxy for loss. *See, e.g.,* U.S.S.G. § 2B1.1, app. note 3(B).

Without conceding that it would have been unable to establish a loss amount through its proffered expert testimony, the government does not object to the Defendants' request. The government recognizes that other courts have used compensation as a reasonable loss proxy in cases involving false statements made by banking executives. For example in *United States v. Shabudin*, Case No. 11-664-JSW (N.D. Cal.), the district court concluded that the actual loss attributable to false statements made by bank executives in securities filings was $970 million. (D.I. 451 at 12.) Yet, the district court concluded that it could not reasonably apportion the loss attributable to each defendant. Accordingly, the Court used the defendants' compensation "as an alternative measure of loss." (*Id.* at 13.) Similarly, in *United States v. Bishop*, Case No. 13-256-MJP (W.D. Wash.), the parties agreed to use the

2

compensation of the defendant, a bank president who filed false call reports, as a proxy for the loss – despite the $15.3 million loss suffered by the FDIC through the bank's failure.   (D.I. 6 (Plea Agreement) at 4; D.I. 24 (Sentencing Memorandum) at 8.)

Accordingly, the parties respectfully request that the PSR for each Defendant be amended to reflect their compensation during the 13-month period of the charged conspiracy as an alternative measure of loss.   For Defendants Gibson and Harra, the Loss Enhancement pursuant to § 2B1.1(b)(1) should be reduced from 26 levels to 14 levels, reflecting that Defendant Gibson earned approximately $564,000 and Defendant Harra earned approximately $583,000 during the relevant period.   For Defendants North and Rakowski, the Loss Enhancement should be reduced from a 26 levels to 12 levels, reflecting that Defendant North earned approximately $294,000, and Defendant Rakowski earned approximately $359,000 during the relevant period.

The parties agree that nothing in this stipulation as to the loss amount constitutes an admission of any fact or undermines any Defendant's position on sufficiency of the evidence.  The parties recognize that the Defendants reserve the right to challenge the underlying convictions on appeal.  No party is bound by the terms of this stipulation in any subsequent proceeding, to include any civil or administrative actions.

### III. Defendants Do Not Object to the Safety and Soundness Enhancement as Confined to the Four Corners of the Jury's Verdict.

The jury found Defendants guilty of several counts involving making false statements to the Federal Reserve, including Count 1 (Conspiracy to Defraud the United States); Counts 7-10 (False Entries in Banking Records Provided to the Federal Reserve); and Counts 11-13 and 16 (False Statements in Quarterly Call Reports and a Monthly Regulatory Report).   *See* Verdict Form (D.I.775). Wilmington Trust was required to provide past due loan information in connection with safety and soundness examinations conducted by the Federal Reserve, and each charged false statement occurred during the period of those examinations or while Wilmington Trust was operating under a Memorandum of Understanding with the Federal Reserve.   The parties stipulated at trial that the alleged false statements and false entries in the relevant documents were material.   Gov't Ex. S-6.

Defendants maintain, *inter alia*, that the charged past due loan statements to the Federal Reserve were not false as a matter of law and that the Court erred in providing a jury instruction that misconstrued the government's burden in proving falsity.  Defendants further contend, *inter alia*, as a matter of law, that there was insufficient evidence to support the jury's verdict on each count of conviction,

including for the reasons asserted in their Rule 29 motion. The Court did not adopt Defendants' positions in its Rule 29 Opinion. *See generally* D.I. 837. Defendants disagree with the Court's ruling and will continue to challenge the underlying verdicts on appeal.

In the Presentence Investigation Reports, the Probation Office applied a four-point enhancement for conduct that substantially jeopardized the safety and soundness of a financial institution. U.S.S.G. § 2B1.1(16)(B). The government respectfully requests that the Court apply the enhancement based on the jury's finding that the Defendants made false statements in connection with safety and soundness examinations. Although Defendants challenge the validity of the jury's verdict, Defendants recognize, at this stage of these proceedings, that the jury verdict on the identified false statements counts alone supplies a basis for application of the safety and soundness enhancement. Defendants do not object to the application of the enhancement on that basis. Defendants maintain any and all factual and legal objections to the application of the safety and soundness enhancement on a basis beyond the four corners of the jury's verdict on those counts, and object to the facts recited in the Presentence Report to support the enhancement.

The parties agree that nothing in this stipulation as to the character of the offense of which the jury convicted the Defendants constitutes an admission of any fact or undermines any Defendant's position on sufficiency of the evidence. The parties recognize that the Defendants reserve the right to challenge the underlying convictions on appeal. No party is bound by the terms of this stipulation in any subsequent proceeding, to include any civil or administrative actions.

### IV. The PSRs Should Be Amended to Reflect the Revised Sentencing Guidelines Calculations.

The parties do not have any additional objections to the Offense Level Computation in the PSRs. Nor will any of the parties file a departure motion with respect to the PSR computation in advance of sentencing. The Defendants will, however, have objections to the offense conduct descriptions in the PSR, and they will submit those objections within two weeks of the October 10 status conference per the request of the Probation Office. The government consents to this schedule.

Accordingly, the parties calculate that Defendants Gibson and Harra have a Total Offense Level of 31 and a Criminal History Category of I, for a Guideline imprisonment range of 108-135 months.

The parties calculate that Defendants North and Rakowski have a Total Offense Level of 29 and a Criminal History Category of I, for a Guideline imprisonment range of 87-108 months.

At the time of the individualized sentencing hearings, the parties reserve the right to request a variance from the respective Guideline ranges according to the sentencing factors set forth under 18 U.S.C. § 3553(a) and applicable law. Defendants may request a variance down to any sentence below the Guideline ranges, including a non-custodial sentence.

****

The parties respectfully request that the Court convert the October 10, 2018 hearing to a status conference and that the Court excuse Defendants' appearance from that conference. Counsel will be available to address any questions that the Court may have regarding the agreed-upon Guideline range. Counsel will also request that the Court schedule the individualized sentencing hearings and set dates for the filing of sentencing memoranda.

Respectfully Submitted,

DAVID C. WEISS
United States Attorney

By:     /s/
Robert F. Kravetz
Lesley F. Wolf
Jamie M. McCall
Assistant United States Attorneys


By:     /s/
Kenneth M. Breen
John P. Nowak
John S. Malik
*Attorneys for Defendant David R. Gibson*


By:     /s/
Michael P. Kelly
Steven P. Wood
Andrew M. Lawler
*Attorneys for Defendant Robert Harra*

5

By:      /s/
    David E. Wilks
    Thomas A. Foley
    *Attorneys for Defendant William North*

By:      /s/
    Henry E. Klingeman
    Bartholomew J. Dalton
    *Attorneys for Defendant Kevyn Rakowski*

cc (via email):   Christine A. Aranda, United States Probation