**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Criminal Action No. 1:15-23-RGA |
| DAVID R. GIBSON, | ) |
| ROBERT V.A. HARRA, | ) |
| WILLIAM NORTH, and | ) |
| KEVYN RAKOWSKI | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES OF AMERICA'S MOTION TO UNSEAL**
**DEFENDANTS' SENTENCING MEMORANDA AND ACCOMPANYING EXHIBITS**

The United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Robert F. Kravetz, Lesley F. Wolf, and Jamie M. McCall, Assistant United States Attorneys, moves that this Court unseal the sentencing memoranda and accompanying exhibits filed by David R. Gibson, Robert V.A. Harra, William North, and Kevyn Rakowski ("Defendants").

As described more fully below, Defendants have made no effort to rebut the strong presumption in favor of public access that attaches to judicial records such as sentencing materials, and have identified no such circumstances to rebut that strong presumption. For that reason, and for the reasons that follow, this Court should unseal Defendants' sentencing memoranda and accompanying exhibits. In support of this motion, the government respectfully submits the following:

1. On or about November 20, 2018, Defendants filed sentencing memoranda and accompanying exhibits under seal with this Court.[1] The exhibits in support of Defendants' sentencing memoranda largely consist of letters to the Court authored by third parties on behalf of Defendants. Defendant Harra, for example, attached over one hundred letters to his sentencing memorandum, including letters submitted by current public officials, former public officials, and other prominent Delawareans.

2. Defendants did not provide the Court with any pre-filing basis justifying the need to file the sentencing memoranda or supporting exhibits under seal.

3. The Defendants' sealed filings, and their failure to justify them, disregard the bedrock principle that a common law "right of access to … judicial records … is beyond dispute." *New Jersey Media Grp. v. United States*, 836 F.3d 421, 435 (3d Cir. 2016) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994)). The United States Supreme Court and the United States Court of Appeals for the Third Circuit have recognized the presumption in favor of access to judicial records for decades. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978); *Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986). In fact, "[t]he right of the public to inspect and copy judicial records antedates the Constitution." *Bank of Am.*, 800 F.2d at 343.

4. There is also no disputing that the sealed filings are judicial records. *See In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (explaining that "filing" a document "clearly establishes" its status as a "judicial record," even when "submitted to the court under seal").

---

[1] To date, only Defendant Rakowski filed a document via CM/ECF acknowledging her submission of a sealed sentencing memorandum and supporting exhibits. (D.I. 853.) Given the Thanksgiving holiday, the Clerk's Office has not yet docketed the other filings.

Although not absolute, a strong presumption applies in favor of the public right of access to judicial records. *See United States v. Wecht*, 484 F.3d 194, 208 (3d Cir. 2007) (holding that the public had a right of access to discovery materials attached to a motion). A party that seeks to rebut that presumption and seal a judicial record "bears the heavy burden of showing that the material is the kind of information that courts will protect[.]" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks and citation omitted).

5. Courts have consistently characterized sentencing memoranda and sentencing letters as judicial records to which the presumption applies. *See, e.g.*, *United States v. Harris*, 890 F.3d 480, 491-92 (4th Cir. 2018) (treating a sentencing memorandum as a judicial record and recognizing the rebuttable presumption of access that attaches to such records); *United States v. Kravetz*, 707 F.3d 47, 56-59 (1st Cir. 2013) (characterizing both sentencing memoranda and sentencing letters as "judicial records" subject to the presumptive common law public right of access); *United States v. Johnson*, No. 16-457-1, 2018 WL 1611371, at *1 (E.D.N.Y. Apr. 3, 2018) ("Both sentencing memoranda and letters of support from third parties are judicial documents to which a strong presumption of public access attaches.") (internal quotation marks, editorial marks and citation omitted).

6. The public right of access to sentencing materials relied upon by defendants to advocate for leniency aligns "with the values animating [that] common law right." *Kravetz*, 706 F.3d at 56. It helps ensure that the public has the opportunity "to observe whether the defendant is being justly sentenced, especially where the court, rather than a jury, is determining the sentence." *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 179 (5th Cir. 2011); *cf. United States v. Criden*, 648 F.2d 814, 821 (3d Cir. 1981) ("A result considered untoward may undermine public confidence, and where the trial has been concealed from public view, an unexpected outcome can

cause a reaction that the system at best has failed and at worst has been corrupted.") (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980) (plurality)).

7. The need for transparency is accentuated when, as here, a defendant relies on the community standing of current and former public officials to advocate for leniency. *See United States v. Kushner*, 394 F. Supp. 2d. 892, 906-07 (D.N.J. 2005) (holding that public right of access attaches to sentencing letters "submitted by public officials" because "[t]he public has a strong interest in the use officials make of their positions of public trust" and to letters "submitted by former officials" because former officials "have a greatly diminished expectation of privacy"); *United States v. Gotti*, 322 F. Supp. 2d 230, 251 (E.D.N.Y. 2004) ("[Sentencing] [l]etters received from public officials seeking to use their offices to impact a sentence will invariably be disclosed.").

8. Indeed, in this case, the Court previously unsealed, upon the government's request, a joint letter filed by the parties in relation to their calculation of the sentencing guideline range. (*See* D.I. 843, Letter Regarding Sentencing.) In arguing that the joint letter should be filed publicly, the government relied upon some of the same decisions cited above regarding the strong public right of access to sentencing materials. (*See* Ex. A, Email to Judge Andrews Dated October 5, 2018.)

9. Ignoring the Court's prior ruling and clear precedent favoring the filing of sentencing materials publicly, Defendants submitted sentencing memoranda to the Clerk's Office absent a motion justifying the sealed filing. Thus, at present, Defendants have failed to even attempt to rebut the presumption that those materials should be filed publicly.

10. Accordingly, the United States respectfully requests that this Court direct the Clerk's Office to make Defendants' sentencing memoranda and accompanying exhibits publicly available.[2]

WHEREFORE, the United States of America respectfully requests that this Court unseal the Defendants' sentencing memoranda and accompanying exhibits. A proposed Order is attached.

                                            Respectfully submitted,

                                            DAVID C. WEISS
                                            United States Attorney

                                      By:     /s/
                                            Robert F. Kravetz
                                            Lesley F. Wolf
                                            Jamie M. McCall
                                            Assistant United States Attorneys

Dated: November 21, 2018

---

[2] Alternatively, if the Court does not grant the motion to unseal in the first instance, the government respectfully requests that this Court order Defendants to file appropriately redacted versions of the sentencing memoranda and accompanying exhibits on the public docket. *See Harris*, 890 F.3d at 492 (permitting remand for a cooperating defendant to file a redacted sentencing memorandum omitting reference to his cooperation in order to protect the physical and psychological well-being of the defendant and his immediate family). If so ordered, the government respectfully requests the right to challenge any such redactions.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Criminal Action No. 1:15-23-RGA |
| DAVID R. GIBSON, | ) |
| ROBERT V.A. HARRA, | ) |
| WILLIAM NORTH, and | ) |
| KEVYN RAKOWSKI | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Having considered the government's Motion to Unseal Defendants' Sentencing Memoranda and Accompanying Exhibits, **IT IS HEREBY ORDERED** this _____ day of _____, 2018, that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall file on the public docket the sentencing memoranda and accompanying exhibits filed under seal by David R. Gibson, Robert V.A. Harra, William North, and Kevyn Rakowski.

Honorable Richard G. Andrews
United States District Judge