

**Krovatin Klingeman LLC**
ATTORNEYS AT LAW

60 PARK PLACE, SUITE 1100, NEWARK, NJ 07102 973-424-9777 WWW.KROVATIN.COM

GERALD KROVATIN
HENRY E. KLINGEMAN**
HELEN A. NAU*
ERNESTO CERIMELE*

ALSO ADMITTED IN HI AND PA**
ALSO ADMITTED IN NY*

November 26, 2018

Honorable Richard G. Andrews
United States District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Unit 9
Room 6325
Wilmington, DE 19801-3555

    Re:    United States v. Wilmington Trust Corporation, et al. (Kevyn Rakowski)
              1:15-cr-00023-RGA

Dear Judge Andrews:

       On behalf of the four individual defendants, please accept this letter in lieu of a more formal response to the Government's Motion to Unseal Defendants' Sentencing Memoranda (Document 854/Filed 11/21/18).

       The Government asserts the following in paragraph 9 (at page 4) of its motion: "Ignoring the Court's prior ruling and clear precedent favoring the filing of sentencing materials publicly, Defendants submitted sentencing memoranda to the Clerk's Office absent a motion justifying the sealed filing." This is mistaken. Our legal assistant contacted Your Honor's deputy clerk prior to the sentencing submission due date to ask whether the submissions should be filed under seal or publicly with redactions. We were advised that--at this juncture--Your Honor did not have a preference. Your Honor's deputy clerk also provided our office with the specific procedure for filing the submissions under seal, which we followed. Naturally, defense counsel has anticipated discussing with the Government the publication of the sentencing submissions. Now that the submissions have been circulated among the parties, it is the time to do so.

       To the extent that the Government is correct that the sentencing submissions contain material that should be available publicly, defense counsel requests an opportunity to meet and



Honorable Richard G. Andrews
November 26, 2018
Page 2

confer with the Government to discuss redactions that may be appropriate. For example, Defendant Rakowski's sentencing memorandum includes sensitive personal information, including medical information, that ordinarily would be kept confidential. Additionally, each of the defendants' memoranda attach sentencing character letters that in many cases were written by private citizens whose contact information should remain private.

In this regard, attached as Exhibit A to this letter is the protocol utilized in the United States District Court for the District of New Jersey regarding the submission and publication of sentencing materials:

http://www.njd.uscourts.gov/sites/njd/files/Protocol%20for%20Disclosure%20of%20Sentencing%20Materials_0.pdf

While this Court will make its own judgment as to the proper procedure here, the District of New Jersey protocol includes procedures to accommodate the interests identified in the Government's motion and may provide helpful guidance to the parties.

Counsel will report back to the Court after the "meet and confer." If the Court wishes to convene a telephone conference to discuss this issue in the meantime, however, counsel is available at the Court's direction.

Thank you for your thoughtful consideration.

          Respectfully submitted,

          s/Henry E. Klingeman
          hklingeman@krovatin.com


cc: All counsel of record

# EXHIBIT A

# NOTICE

ON June 22, 2017, the judges of the United States District Court, recognizing the benefit of promoting the public's understanding of, and access to, judicial proceedings, as well as privacy and security concerns relating to the electronic filing of court documents, as reflected in Sec. 205 of the E-Government Act of 2002 (Pub. L. No. 107-347);

RESOLVED to approve the following protocol for adoption:

1. Sentencing Memoranda, along with all supporting exhibits and correspondence (collectively, the "Sentencing Materials"), shall be submitted directly to the Sentencing Judge, the United States Probation Office, and all counsel of record in the underlying prosecution ("Counsel of Record"), and not filed on the Court's Case Management/Electronic Case Files System ("ECF"). However, at the same time Sentencing Materials are submitted to the Court, the submitting party shall also file a notice on ECF (a "Submission Notice"), on a form prescribed by the Clerk of the Court, that Sentencing Materials have been submitted to the Court.

2. Anyone who wishes to obtain a copy of the Sentencing Materials (a "Requestor") must make a Request for Disclosure on a form prescribed by the Clerk of the Court within two business days of the filing of a Submission Notice under Paragraph 1. If the Requestor is represented by counsel, this Request for Disclosure will be available as an electronic filing option and shall be filed on ECF. If the Requestor is not represented by counsel, a Request-for-Disclosure form can be obtained from the Clerk of the Court and shall be sent to all Counsel of Record and the Court. The Court shall cause the Request-for-Disclosure form to be docketed on ECF. In all cases, the Request for Disclosure shall clearly identify the name of the Requestor, the name of counsel for the Requestor, if any, and the address—either electronic or mailing—to which the Sentencing Materials should be sent.

3. Unless otherwise instructed by the Court, upon receipt of a Request for Disclosure, Counsel of Record shall meet and confer in order to determine what non-public information should be redacted from the Sentencing Materials. Presumptively Non-Public Information includes the following: references to the Presentence Report ("PSR"); names of victims, witnesses, and other individuals whose identity and roles were not previously disclosed; information regarding cooperation by the defendant and others that was not previously disclosed; sensitive personal information concerning the defendant and others, including but not limited to medical or psychological reports and data; personal identifying information such as addresses, social security numbers, account numbers, and dates of birth; and information obtained during the course of a Grand Jury or law enforcement investigation that was not previously disclosed. All redactions should be sufficient to ensure that the content of the redacted information is not apparent from the context of the surrounding text.

4. All proposed redactions to the Sentencing Materials shall be made prior to disclosure regardless of whether the parties to the underlying prosecution agree on the redactions. Following any redactions, Counsel of Record shall coordinate to send the Sentencing Materials to the electronic or mailing address specified in the Request for Disclosure or, if directed by the Court, to electronically file the Sentencing Materials on the docket.

5. A Requestor who wishes to challenge the redactions may do so in accordance with the individual Sentencing Judge's practices. The procedure and timing for resolving a Request for Disclosure is left to the discretion of the individual Sentencing Judge.

In accordance with the Resolution approved by the judges of this Court on June 22, 2017, the above protocol applies to all Sentencing Materials filed in this district on or after September 1, 2017.

June 22, 2017

s/Jose L. Linares, Chief Judge
United States District Court
for the District of New Jersey